T.C. Summary Opinion 2009-114


UNITED STATES TAX COURT


ALEX AND HELEN A. GIANNARIS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21098-08S.               Filed July 22, 2009.


Alex and Helen A. Giannaris, pro sese.

<u>Sara D. Trapani</u>, for respondent.


LARO, <u>Judge</u>:   This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

[1]Unless otherwise indicated, section references are to the applicable versions of the Internal Revenue Code, and Rule references are to the Tax Court Rules of Practice and Procedure. Some dollar amounts are rounded.

this opinion shall not be treated as precedent for any other case.

Petitioners petitioned the Court to redetermine respondent's determination of a $22,039 deficiency in petitioners' 2006 Federal income tax. We decide whether petitioners may deduct as an itemized deduction interest paid on a life insurance policy loan. We hold they may not.

## Background

### I. Preliminaries

The parties have submitted to the Court stipulations of fact with accompanying exhibits. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. Petitioners are husband and wife, and they filed a joint Form 1040, U.S. Individual Income Tax Return, for 2006. They resided in Texas when their petition was filed.

### II. Policy Loan Interest

On or about October 11, 1965, petitioner husband (petitioner) purchased a life insurance policy (policy) from Massachusetts Mutual Life Insurance Co. (MassMutual). The face value of the policy was $50,000. Beginning in the early 1970s, petitioner periodically borrowed against the value of the policy and used the proceeds to supplement petitioners' income. Petitioner made no significant repayments on those loans or on

any interest that accrued thereon.  The unpaid interest became a part of the indebtedness.

In 2005 when the loan balance (including unpaid interest) exceeded the value of the policy, MassMutual notified petitioner that the policy would terminate pursuant to its terms unless the shortage was paid.  Petitioner did not make the required payment, and the policy terminated in February 2006.  Petitioner received $792 as the net proceeds of the policy upon its termination; i.e., the difference between the total loan amount of $149,872 and the $150,664 cash value of the policy.

For 2006 MassMutual issued a Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., to petitioner reporting a taxable gain of $105,190 resulting from termination of the policy. Petitioners reported that taxable gain on their 2006 income tax return.  Petitioners also claimed a deduction for the total unpaid interest of $111,727 included in the loan balance, reporting that this interest was home mortgage interest.

III.  Respondent's Determination

Respondent determined in the notice of deficiency that petitioners were not entitled to deduct any of the $111,727 as home mortgage interest because petitioners paid no home mortgage interest during that year.

## Discussion

### A. Burden of Proof

Taxpayers bear the burden of proving that the Commissioner's determinations set forth in the notice of deficiency are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). In certain cases, however, section 7491(a) shifts the burden of proof to the Commissioner. We need not decide which party bears the burden of proof because we decide this case without regard to the burden of proof.

### B. Interest Expense

Section 163 generally allows a deduction for any interest paid or accrued in the taxable year on indebtedness. Personal interest, however, is excluded. Sec. 163(h)(1). In this context the term "personal interest" includes all interest except to the extent the interest is: (1) Trade or business interest; (2) investment interest; (3) interest used to compute passive income or loss; (4) qualified residence interest; (5) interest used in extended estate tax payments; and (6) educational loan interest. Sec. 163(h)(2).

Petitioners claimed the interest expense as home mortgage interest on their tax return for 2006. In that year, however, petitioners paid no home mortgage interest. The interest is not home mortgage interest (or more specifically qualified residence

interest) because the loans underlying the interest were not secured by a residence. See sec. 163(h)(3)(B)(i), (C)(i). Petitioner's life insurance policy, and not petitioners' residence, collateralized the loan. Petitioners make no further claim as to why the interest is not personal interest, and the limited facts at hand do not establish any other characterization of the interest. Petitioners contend that it is unjust to include the $105,190 in their income when they actually received only $792 in cash upon termination of the policy. This is especially so, petitioners assert, because they are in poor health and suffering financially. While we sympathize with petitioners' predicament, the fact of the matter is that the interest is personal and under the law cannot be deducted. We note, however, that petitioners did benefit personally from the use of the loan proceeds and that the $792 they received corresponds to the net proceeds of the policy after subtracting the loan amount, including interest accrued thereupon.

We hold that petitioners are not entitled to deduct any of the $111,727 as an interest expense. Accordingly,

Decision will be entered

for respondent.